UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21366-RAR

**ROBERT MENDEZ,**

    Appellant,

v.

**942 PENN RR, LLC,**

    Appellee.
_____/

## ORDER DENYING MOTION AND DISMISSING CASE

**THIS CAUSE** comes before the Court upon a *pro se* Emergency Bankruptcy Motion, [ECF No. 1]. *Pro se* Appellant, Robert Mendez, filed this Motion on April 11, 2023. The Motion is titled: "Emergency Relief Sought – Sale to Close on April 12th 2023 Emergency Stay Relief Requested Prior to Sale Closing Petition for Issuance of a Writ of Mandamus Issued to the Bankruptcy Court." Mot. at 1. Appellant requests this Court to prevent the sale of property that is the subject of a bankruptcy proceeding, Bankr. Case No. 22-BK-14038, by issuing a writ of mandamus.

The underlying bankruptcy case commenced with the filing of a voluntary Chapter 11 petition by the corporate debtor, 942 Penn RR, LLC ("Debtor" or "Appellee"), on May 23, 2022.[1] The Debtor is a Florida limited liability company that holds record title to the Real Property at issue. Final Sale Order ¶ 3. The Debtor's primary business involves renting the units at the Real Property as short-term, furnished vacation housing units. *Id.* ¶ 4. Appellant in this matter, Robert

---

[1] The following facts are derived from the bankruptcy court's Final Sale Order *In re: 942 Penn RR, LLC*, No. 22-BK-14038, Doc. 1077 (Bankr. S.D. Fl. April 5, 2023) ("Final Sale Order"). Appellant identifies the Final Sale Order as the "order giving rise to this petition" and claims to have attached the Final Sale Order to his Petition, but the Final Sale Order is not attached. Mot. at 10–11.

Mendez, and another individual, Raziel Ofer, each hold 50% of the Debtor's membership interests and are co-managers of the Debtor. *Id.* ¶ 5. In short, the bankruptcy court appointed a Chapter 11 Trustee of the Debtor's bankruptcy estate. *Id.* ¶ 7. Following an investigation and litigation in the underlying bankruptcy case from June 2022 through March 2023, the Trustee was authorized to conduct and did conduct an auction on March 30, 2023 to sell the Real Property. *Id.* ¶ 25. The Bankruptcy Court issued its Final Sale Order on April 5, 2023, and it does not appear that any party has appealed that Order. Nevertheless, Appellant brings this case seeking a writ of mandamus requesting that this Court halt the approved sale, set to occur on April 12, 2023—the day after Appellant filed this Motion.

"The writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Townsend*, 679 F. App'x 802, 804 (11th Cir. 2017) (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004)). The writ of mandamus may only issue when three conditions are met. "First, in order to ensure that it does not displace the traditional appeals process, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires." *Id.* (citation omitted). "Second, the petitioner's right to issuance of the writ must be 'clear and indisputable.'" *Id.* (citing *Cheney*, 542 U.S. at 380–81). "Finally, if the first two requirements are met, 'the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'" *Id.* (citing *Cheney*, 542 U.S. at 381).

The Court finds that Appellant's Emergency Bankruptcy Motion does not meet the three-prong criteria for this Court to grant Appellant the "drastic and extraordinary remedy" of issuing a writ of mandamus. *Id.* While this is not an exhaustive list of the problems with Appellant's Motion, the Court finds that Appellant fails to demonstrate that he has no other adequate means to

attain his desired relief, particularly because Appellant does not appear to have appealed the bankruptcy court's rulings, or at least the Final Sale Order with which Appellant takes issue.

Moreover, it is far from "clear and indisputable" that Appellant is entitled to any relief. Appellant's Motion, which meanders around various complaints Appellant has with the entire underlying litigation, seeks a stay of the anticipated April 12, 2023 sale of Real Property so that Appellant may file a complaint in district court for "declaratory relief, damages, quiet title, and breach of duty by the trustee" because the property is being sold "unnecessarily." Mot. at 14–15. Appellant describes his displeasure with the anticipated sale but cites no precedent and makes no persuasive arguments to suggest Appellant's right to issuance of the writ is "clear and indisputable." *In re Townsend*, 679 F. App'x at 803. And finally, whether to issue a writ of mandamus "is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 402 (1976). "A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies" underlying the writ of mandamus. *Id.* at 403. The Court finds that the issuance of a writ of mandamus would not be appropriate under the circumstances. The Court has reviewed the Motion, the docket in the underlying bankruptcy proceeding, and is otherwise fully advised. Thus, it is hereby

**ORDERED AND ADJUDGED** that Appellant's Emergency Bankruptcy Motion, [ECF No. 1], is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of April, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**